UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KALPESHKUMAR ARVINDBHAI PATEL; <br> JAYSHREEBIN KALPESHKUMAR PATEL; <br> and JINAY JAYSHREEBIN PATEL, <br> Plaintiffs, <br> <br> v. <br> <br> WILLIAM BARR; CHAD WOLF, and <br> MATTHEW ALBENCE, <br> Defendants | No. 5:20-cv-00922 |

**O P I N I O N**
Defendants' Motion to Dismiss, ECF No. 9 – Granted

**Joseph F. Leeson, Jr.**                                                                                         **July 27, 2020**
**United States District Judge**

## I.   INTRODUCTION

Plaintiffs, citizens of India, entered the United States at the southern border, without the required documents. They expressed fear of returning to India, but an asylum officer did not conduct a credible fear interview because 8 C.F.R. § 208.13(c)(4) ("the Rule") deems individuals that enter the United States through the southern border ineligible for asylum if they traveled through a third country en route to the United States. Thus, Plaintiffs were ordered removed. In the instant action, they seek to challenge the validity of the Rule. Defendants have filed a Motion to Dismiss arguing there is no subject matter jurisdiction because challenges to the Rule are only available in the United States District Court for the District of Columbia within sixty days of the implementation of the Rule. For these reasons, this Courts lacks jurisdiction. The Motion to Dismiss is granted, and the temporary restraining order and stay of removal is vacated.

**II.    BACKGROUND**

Plaintiffs Kalpeshkumar Arvindbhai Patel and Jayshreebin Kalpeshkumar Patel are married, and Plaintiff Jinay Jayshreebin Patel is their one-and-a-half-year-old biological son. *See* Compl. ¶ 15, ECF No. 1. The Patels are natives and citizens of India. *Id.* On or about January 21, 2020, the Patels entered the United States together at or near Calexico, California, without inspection by an Immigration Officer and without possessing a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Immigration and Nationality Act ("INA"). *Id.* ¶ 22.

Following their crossing, on January 22, 2020, the United States Customs and Border Patrol arrested the Patels, and a Border Patrol Agent determined they were inadmissible to the United States under the INA § 212(a)(7)(A)(i)(II)[1] and ordered their removal under INA § 235(b)(1).[2] *See* Compl. ¶ 22. Even though inadmissible under INA § 212(a)(7)(A)(i)(II), because the Patels feared return to India, they pursued asylum. *Id.* ¶ 24. An asylum officer determined they were not eligible for asylum under the Rule, 8 C.F.R. § 208.13(c)(4),[3] so he conducted a reasonable fear interview instead of a credible fear interview. *Id.* ¶¶ 24, 25. The asylum officer determined the Patels did not establish a reasonable fear of persecution or torture if they returned to India. *Id.* ¶ 25. The Patels sought review of the asylum officer's interview at the immigration court in York, Pennsylvania on February 5, 2020. *Id.* ¶ 26. An Immigration

---

[1]    INA § 212(a)(7)(A)(i)(II) describes documentation requirements for immigrants, stating, in relevant part, "[e]xcept as otherwise specifically provided in this chapter, any immigrant at the time of application for admission – whose visa has been issued without compliance with the provisions of section 1153 of this title, is inadmissible." *See* 8 U.S.C. § 1182(a)(7)(A)(ii)(II) (2013).
[2]    INA § 235(b)(1) describes "removal without further review" if an asylum officer determines there is no "credible fear of persecution." *See* 8 U.S.C. § 1225(b)(1) (2009).
[3]    Paragraphs (c)(4) and (c)(5) became effective July 16, 2019. *See* 8 C.F.R. § 208.13.

Judge reviewed and affirmed the asylum officer's decision. *Id*. The Patels are currently detained at the Berks County Residential Center in Leesport, Pennsylvania. *Id*. ¶ 15.

The Patels filed a Complaint in the above-captioned action on February 19, 2020.[4] The Complaint alleges that the Rule rendering noncitizens who transit through another country prior to reaching the southern border of the United States ineligible for asylum is part of an "unlawful effort" to undermine the United States asylum system at the southern border. *Id*. ¶ 8. The Complaint asserts three counts: (1) violation of the INA and Administrative Procedure Act ("APA") for promulgating a rule contrary to law, (2) violation of the APA for publishing a regulation less than thirty days before its effective date without good cause, and (3) violation of the APA for establishing an arbitrary and capricious rule. *Id*. ¶¶ 65, 68, 69, 72. The Patels seek a declaration that the Rule is unlawful and invalid, a temporary restraining order, attorneys' fees, and further relief the Court deems equitable, just, and proper. *Id.* ¶ 72.  The day the Complaint was filed, the Court stayed removal and enjoined Defendants from deporting the Patels pending this litigation.  *See* ECF No. 3.  Defendants have filed a Motion to Dismiss the Complaint for lack of subject matter jurisdiction and vacate the temporary restraining order.  *See* Defs.' Mot. Dismiss 5, ECF No. 9.

### III. LEGAL STANDARDS

#### A. Motion to Dismiss – Federal Rule of Civil Procedure 12(b)(1)

"[T]here are two types of Rule 12(b)(1) motions: those that attack the complaint on its face and those that attack subject matter jurisdiction as a matter of fact." *Petruska v. Gannon*

---

[4] Named as Defendants are: William Barr, Attorney General of the United States and United States Department of Justice; Chad Wolf, Acting Secretary of the Department of Homeland Security and United States Department of Homeland Security; and Matthew Albence, Acting Director of Immigration and Customs Enforcement and United States Immigration and Customs Enforcement.

*Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006) (citing *Mortensen v. First Fed. Sav. & Loan*, 549 F.2d 884, 891 (3d Cir. 1977)).  "[A] court must first determine whether the movant presents a facial or factual attack" because the distinction determines the standard of review.  *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012).  A facial attack "challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (quoting *Petruska*, 462 F.3d at 302 n.3).  A factual attack challenges "subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).  A factual attack "cannot occur until plaintiff's allegations have been controverted[,]" *Mortensen*, 549 F.2d at 892 n.17, which occurs when the movant files an answer or "otherwise presents competing facts." *Aichele*, 757 F.3d at 358.  "When a factual challenge is made, 'the plaintiff will have the burden of proof that jurisdiction does in fact exist,' and the court 'is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *Davis*, 824 F.3d at 346 (quoting *Mortensen*, 549 F.2d at 891).  "[N]o presumptive truthfulness attaches to [the] plaintiff's allegations. . . ." *Id.* (quoting *Mortensen*, 549 F.2d at 891) (alterations in original).

   B.  **Asylum Eligibility pursuant to C.F.R. § 208.13(c)(4)**

Aliens who travel through a third country prior to arriving in the United States face limited eligibility for asylum. This restriction provides:

> Additional limitation on eligibility for asylum. Notwithstanding the provisions of § 208.15, any alien who enters, attempts to enter, or arrives in the United States across the southern land border on or after July 16, 2019, after transiting through at least one country outside the alien's country of citizenship, nationality, or last lawful habitual for residence en route to the United States, shall be found ineligible for asylum.

8 C.F.R. § 208.13(c)(4). The Rule has three exceptions: (1) an alien applied for protection in at least one country while traveling to the United States, (2) the alien was a "victim of a severe form of trafficking," or (3) the only countries traveled through were not parties to the 1951 United Nations Convention relating to the Status of Refugees, the 1967 Protocol Relating to the Status of Refugees, or the United Nations Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment. *Id.* § 208.13(c)(4)(i-iii).

### C. Challenges to Expedited Removal Orders

Congress dictated protocol for inspecting applicants for admission to the United States in 8 U.S.C. § 1225(b)(1). The application inspection requires immigration officials to order aliens to be removed from the United States, unless the alien intends to apply for asylum. *See* 8 U.S.C. § 1225(b)(1)(A)(i). Asylum applications require asylum interviews, in which asylum officers conduct an interview to determine if an alien has a credible fear of persecution in their home country. *Id.* § 1225(b)(1)(B)(i). If there is credible fear, the alien is detained for further consideration of the asylum application. *Id.* If there is not a credible fear, the officer orders the alien to be removed from the United States without further hearing or review. *Id.* § 1225(b)(1)(B)(iii)(I). The asylum officer's removal order can be reviewed by an immigration judge in immigration court. *Id.* § 1225(b)(1)(B)(iii)(III).

If the removed alien seeks further review, 8 U.S.C. § 1252 provides the limited[5] grounds and the limited courts in which review may be sought. Section 1252(e) permits challenges in

---

[5]   *See* 8 U.S.C. § 1252(e)(5). ("In determining whether an alien has been ordered removed under section 235(b)(1) [8 USCS § 1225(b)(1)], the court's inquiry shall be limited to whether such an order in fact was issued and whether it relates to the petitioner. There shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal.").

two forms.  First, judicial review is available in habeas corpus proceedings.  *See* 8 U.S.C. § 1252(e)(2).  Habeas corpus proceedings are limited, however, to determinations of:

> (A) whether the petitioner is an alien,
> (B) whether the petitioner was ordered removed under such section, and
> (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 207 [8 USCS § 1157], or has been granted asylum under section 208 [8 USCS § 1158], such status not having been terminated, and is entitled to such further inquiry as prescribed by the Attorney General pursuant to section 235(b)(1)(C) [8 USCS § 1225(b)(1)(C)].

*Id.*  Second, challenges may be made to the validity of the system, including claims about the constitutionality or consistency of a regulation with existing law.  *Id.* § 1252(e)(3).  Claims about the validity of the law behind a removal order can only be heard by the United States District Court for the District of Columbia.  *Id.* § 1252(e)(3)(A). Further, such actions must be brought no later than sixty days after the challenged regulation is first implemented. *Id.* § 1252(e)(3)(B).

## IV.   ANALYSIS

### A.   This Court lacks subject matter jurisdiction over the instant claims.

The parties agree that the Patels were ordered removed by expedited removal orders pursuant to INA § 235(b)(1), which is codified at 8 U.S.C. § 1225(b)(1).  *See* Compl. ¶¶ 23, 33. Because judicial review of such orders is limited as provided in 8 U.S.C. § 1252(e), the Government has moved to dismiss for lack of subject matter jurisdiction.  The Government asserts that the instant Complaint challenges the validity of the Rule and therefore must have been brought in the United States District Court for the District of Columbia.[6]  *See* Defs.' Mot. Dismiss 6-8.  Additionally, because the Rule was implemented more than sixty days before the

---

[6]   As to the second avenue for judicial review in § 1252(e), the parties agree that habeas relief is not available here because the Patels do not dispute that they are aliens, that have been ordered removed, and were not lawfully admitted for permanent residence or granted asylum. *See* 8 U.S.C. § 1252(e)(2).

instant Complaint was filed, the action is untimely.  *See id.*  In support of its argument, the Government cites the Third Circuit Court of Appeals decision in *Castro*, which held "the statute makes abundantly clear that whatever jurisdiction courts have to review issues relating to expedited removal orders arises under § 1252(e)."  *Castro v. U.S. Dep't Homeland Sec.*, 835 F.3d 422, 427 (3d Cir. 2016) (stating that the language in § 1252(e)(5) "clearly evince Congress' intent to narrowly circumscribe judicial review of issues relating to expedited removal orders").  In *Castro*, twenty-eight noncitizen families filed habeas petitions after their fears of persecution were found to be not credible, arguing the asylum officer conducting the credible fear interviews violated their Fifth Amendment procedural due process rights, as well as their rights under the INA, APA, and other statutes.  *See id.* at 428.  The court explained that jurisdiction related to expedited removal orders is only available subject to the conditions of § 1252(e), and that § 1252 is not unconstitutional under the Suspension Clause.  *See id.* at 429-30, 450.  The court stated that while it is "sympathetic to the plight of Petitioners and other aliens who have come to this country seeking protection . . . Congress has unambiguously limited the scope of judicial review, and in so doing has foreclosed review of Petitioners' claims."  *Id.* at 450 (dismissing the petitioners' habeas petitions for lack of subject matter jurisdiction).

   In response to the Motion to Dismiss, the Patels argue § 1252(e) does not govern here because they are not challenging the expedited removal order; rather, the Patels contest the "government's wrongful determination of their ineligibility for asylum based on its unlawful implementation and application of a regulation that is unconstitutional, inconsistent with 8 U.S.C. §1158, and otherwise contrary to law."  *See* Pls.' Resp. Mot. Dismiss 2, 7-9, ECF No. 16 (citing *E. Bay Sanctuary Covenant v. Trump*, 950 F.3d 1242, 1269 (9th Cir. 2020)).  They assert that the asylum law is collateral to the removal order.  *See id.*  The Patels contend the Ninth

Circuit considered this exact issue in *E. Bay Sanctuary Covenant*. *See id.* The Ninth Circuit held that collateral claims are not actions taken to remove an alien from the United States. *See E. Bay Sanctuary Covenant*, 950 F.3d at 1269 (citing *Martinez v. Napolitano*, 704 F.3d 620, 623 (9th Cir. 2012)). Specifically, because the Rule "governs eligibility for asylum and screening procedures for aliens, . . . [b]ars to asylum eligibility may eventually be relevant to removal proceedings, but they are not 'regulation[s] . . . to implement [removal orders]' or otherwise entirely linked with removal orders." *Id.* (quoting 83 Fed. Reg. at 55,934; 8 U.S.C. § 1252(e)(3)).

The Patels' argument that their claim is collateral to the removal order and is not subject to the jurisdictional limitations of § 1252 falls short for three reasons. First, their claim is not "collateral" to the removal order because a challenge to the "government's wrongful determination of [the Patels'] ineligibility for asylum," regardless of its basis, necessarily challenges the removal order. Further, even if the claim could be considered collateral to the removal order, the Patels' challenge "based on [the] unlawful implementation and application of a regulation that is unconstitutional, inconsistent with 8 U.S.C. §1158, and otherwise contrary to law," is covered by the plain language of § 1252(e)(3). *See* 8 U.S.C. § 1252(e)(3) (limiting judicial review of determinations of whether "any regulation issued to implement such section, is constitutional . . . or . . . is not consistent with applicable provisions of this title or is otherwise in violation of law"). Either way, jurisdiction of the Patels' claim is governed by § 1252(e). Second, the Third Circuit's decision in *Castro*, which holds that the jurisdictional limits in § 1252 are constitutional, *see Castro,* 835 F.3d at 431, is the law in this Circuit. The Ninth Circuit's "independent and collateral" language from *E. Bay Sanctuary Covenant* relied upon by the Patels is in direct conflict with *Castro*. *See E. Bay Sanctuary Covenant*, 950 F.3d at 1269.

Notably, the Supreme Court recently reversed a subsequent decision in the Ninth Circuit that held § 1252(e)(2) violates the Suspension Clause.  *See Dep't of Homeland Sec. v. Thuraissigiam*, 140 S. Ct. 1959 (2020).  In reaching this determination, the Supreme Court found that the "Ninth Circuit's decision invalidated the application of an important provision of federal law and conflicted with" the Third Circuit's decision in *Castro*.  *See id.* (citing *Castro*, 835 F.3d 422).  In reversing the Ninth Circuit's decision, the Supreme Court therefore implicitly agreed with the Third Circuit's opinion in *Castro* over that of the Ninth Circuit.  The Supreme Court explained that a "major objective" of § 1252(e) was to limit "undue interference by the courts," and that "'no court shall have jurisdiction to review' any other 'individual determination' or 'claim arising from or relating to the implementation or operation of an order of [expedited] removal.'"  *Id.* (quoting § 1252(a)(2)(A)(i)).  Consequently, the Patels' reliance on *E. Bay Sanctuary Covenant* is unpersuasive.  Third, other district courts, including those in the District of Columbia, have found that challenges to the Rule must be brought in the United States District Court for the District of Columbia.  *See Capital Area Immigrants' Rights Coalition v. Trump*, 2020 U.S. Dist. LEXIS 114421, *32 (June 30, 2020) (finding that it had subject-matter jurisdiction to hear the challenge to the Rule);[7] *Nianga v. Wolfe*, 435 F. Supp. 3d 739 (N.D. Tex. 2020) (rejecting the law in the Ninth Circuit, noting that "at least two district courts in the Fifth

---

[7]    At the time the Motion to Dismiss and the parties' briefs were filed, the petition in *Capital Area Immigrants' Rights Coalition* was still pending.  But, on June 30, 2020, the United States District Court for the District of Columbia issued a decision, finding that the Rule was issued in violation of the APA's notice-and-comment procedures and vacating the Rule.  *See* 2020 U.S. Dist. LEXIS 114421, at *66-67.  Notably, the court stated: "by vacating the Rule, the Court is not enjoining or restraining the INA's operation."  *Id.* at *71.  The court also specifically rejected the defendants' request to stay the effect of its decision.  *See id.* at n.29.

In light of this development, the Court invited the parties to file supplemental briefs addressing what, if any, impact the decision in *Capital Area Immigrants' Rights Coalition* has on the instant action.  *See* ECF No. 18.  After reviewing those briefs, *see* ECF Nos. 19-20, the Court maintains its conclusion that this Court lacks jurisdiction for the reasons previously stated.

Circuit have expressly adopted *Castro*'s contrary approach," and concluding that it lacked jurisdiction to consider the plaintiff's challenge to the Rule).

Consequently, 8 U.S.C. § 1252(e) governs the instant Complaint.  Under § 1252(e), challenges to the validity of the system of removal determinations pursuant to § 1225(b)(1) are only available in the United States District Court for the District of Columbia, no later than sixty days after the date the challenged regulation is first implemented. The Patels brought their challenge in this Court, where there is not jurisdiction, and filed their complaint more than sixty days after the Rule's implementation on July 16, 2019. Because of the narrowly tailored jurisdictional provision in § 1252(e), this Court does not have jurisdiction.

## V.  CONCLUSION

The Court lacks subject matter jurisdiction over the claims in the Complaint because challenges to the Rule may only be raised in the United States District Court for the District of Columbia.  Further, because 8 U.S.C.A. § 1225(b)(1) provides that challenges to Rule's validity must be brought within sixty days of the Rule's implementation, there is no basis to transfer the Complaint to that court.[8]  The Motion to Dismiss is granted, and the temporary restraining order and stay of removal is vacated.

A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge

---

[8] Where "there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed."  28 U.S.C. § 1631.  However, because the instant complaint is time-barred, it is not in the interests of justice to transfer the case.